PAUL NGUYEN
KIM NGUYEN
19362 Fisher Ln
Santa Ana, CA 92705
Telephone: (949) 923-0106

Chapter 13 Debtors and Plaintiffs in Pro Per

FILED
APR 26 2017
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>PAUL NGUYEN and KIM NGUYEN<br><br>PAUL NGUYEN, an Individual and<br>KIM NGUYEN, an Individual<br><br>Plaintiffs,<br><br>-vs.-<br><br>KAUAI MAKAI LLC, a Hawaii Limited Liability Company; DYLAN STRONG, an Individual; SHEALA STRONG, an Individual; BRADLEY SMITH, an Individual; and all persons claiming by, through, or under such person, all persons unknown, claiming any legal or equitable right, title, estate, lien, or interest in the property described in the complaint adverse to Plaintiff's title thereto; and DOES 1-100, Inclusive;<br><br>Defendant. | Case No. 8:17-bk-10520-CB<br><br>ADV. NO. _____<br><br>**VERIFIED ADVERSARY PROCEEDING COMPLAINT** |

**COMPLAINT FOR TURNOVER AND VIOLATION OF THE AUTOMATIC STAY**

PAUL NGUYEN and KIM NGUYEN, debtors in the above-captioned chapter 13 case (the "Debtors" or "Plaintiff"), hereby files this Complaint for Turnover and Violation of the Automatic Stay against defendants, KAUAI MAKAI LLC, a Hawaii Limited Liability Company; DYLAN STRONG, an Individual; SHEALA STRONG, an Individual; BRADLEY SMITH, an Individual ("Defendants"), and in support thereof alleges as follows:

## JURISDICTION AND VENUE

1. This action seeks the turnover of property of the estate pursuant to 11 U.S.C. § 542.

2. This action seeks damages for violation of the automatic stay pursuant to 11 U.S.C. § 362.

3. Jurisdiction is conferred on this Court pursuant to the provisions of Section 1334 of Title 28 of the United Stated Code in that this proceeding arises in and is related to the above-captioned Chapter 13 case under Title 11 and concerns property of the Debtors in that case.

4. This Court has both personal and subject matter jurisdiction to hear this case pursuant to Section 1334 of Title 28 of the United States Code, Section 157(b)(2) of Title 28 of the United States Code.

5. This matter is primarily a core proceeding and therefore the Bankruptcy Court has jurisdiction to enter a final order.

6. Venue lies in this District pursuant to Section 1391(b) of Title 28 of the United States Code.

## PARTIES

7. The Plaintiff, PAUL NGUYEN, is a natural person who resides in Orange County, California, and is a debtor under Chapter 13 of Title 11 of the United States Code in case number 8:17-bk-10520-CB with his wife, KIM NGUYEN, which case is presently pending before this court. The Plaintiffs are hereinafter referred to as the Plaintiffs or the Debtors.

8. The Defendant, KAUAI MAKAI LLC, is for profit Limited Liability Company, organized under the laws of the State of Hawaii. The Defendant lists its registered agent as HANNAH SIROIS at P O BOX 69, KOLOA, Hawaii 96756.

9. The Defendant, DYLAN STRONG, SHEALA STRONG, and BRADLEY SMITH are individuals residing in Hawaii.

10. All Defendants are herein after referred to as DEFENDANTS.

## FACTUAL ALLEGATIONS

11. The Chapter13 case was commenced by the filing of a voluntary petition with the Clerk of this Court on February 12, 2017.

12. The 11 U.S.C. §341(a) meeting of creditors is scheduled be held on May 30, 2017.

13. Debtors are party to two lawsuits in the Fifth Circuit Court of the State of Hawaii. These cases are identified as Kauai Makai LLC v. Kim Ta et., Case No. 14-1-0243 and Paul Nguyen et.al. v. Dylan Strong et.al, Case No. 14-1-0263.

14. Debtors sold their home in Hawaii and moved back to California in December 2015 while the two lawsuits were pending.

15. On or about December 10, 2015, the Defendants filed Temporary Restraining Orders requested the Fifth Circuit Court of Hawaii for a "HOLDBACK" orders from the proceed of the sale of Plaintiffs' home.

16. On or about December 29, 2015, the Fifth Circuit Court of Hawaii issued a "HOLDBACK" order to be held by Title Guaranty Escrow Services ("Escrow") in the amount of $525,000.00. Such order was set to expire on February 26, 2016.

17. On or about February 26, 2016, Defendants requested the Fifth Circuit Court to renew its "HOLDBACK" order and such Court ordered Escrow to continue with holding Plaintiff's $525,000.00 in escrow until trial for both cases.

18. On or about March 4, 2016, transferred the "HOLDBACK" fund to the Clerk of the Fifth Circuit Court via bank check. A true and correct copy of such check is attached herein as Exhibit "1".

19. The Clerk of the Fifth Circuit Court acknowledged the receipt of Plaintiffs' fund and established case No. FI-CC-0014-1-000263-0000. A true and correct copy of acknowledgement is attached herein as Exhibit "2".

20. On February 15, 2017, The Fifth Circuit Court of Hawaii held a motion hearing. At such meeting, Plaintiffs' attorney, who represented Plaintiffs in the above mentioned two cases informed the Court and Defendants' attorneys that Plaintiff has filed for bankruptcy on February 14, 2017. According, there should be automatic stay in both cases.

21. Despite knowledge of Plaintiff's bankruptcy and automatic stay in both cases, attorneys for the Defendants argued to the Fifth Circuit Court that Plaintiffs' bankruptcy filing was

improper and will probably be set aside. Consequentially, such Court continued the motion hearing for March 1, 2017.

22. Despite automatic stay in both cases, Defendants' attorneys attended the motion hearing on March 1, 2017. These attorneys continued to represent to the Fifth Circuit Court that Plaintiffs' improper bankruptcy filing was active and such court should continue the motion hearing to May 16, 2017. Such Court ordered such motion hearing to be set for May 16, 2017.

## FIRST CLAIM FOR RELIEF

## TURNOVER OF PROPERTY OF THE ESTATE

23. The allegations in paragraphs 1 through 22 of this Complaint are realleged and incorporated herein by this reference.

24. Plaintiff's property, which is property of the estate pursuant to 11 U.S.C. §§ 541 and 1306, has been retained by the Defendants post-petition and is currently in the possession of the Clerk of the Fifth Circuit Court on the behalf of Defendants.

25. Under 11 U.S.C. § 1306 the Debtor is entitled to possession of all property of the estate.

26. Plaintiffs has made amicable demand to the Defendants for turnover of the property by vacating "HOLDOVER" orders that were issued based on Defendants' requests; nonetheless, the Defendants have refused to vacate the "HOLDOVER" order to enable the Clerk of the Fifth Circuit Court to refund the money.

27. The actions of the Defendants constitute a willful and continuing violation of the automatic stay pursuant to 11 U.S.C. § 362(a)(3).

28. As a result of the Defendants' willful and continued violation of automatic stay, Plaintiffs are entitled to actual damages that includes but not limited to legal interest on the "HOLDOVER" fund, costs and attorneys' fees, as well as punitive.

29. As the result of Defendants willful and continued violation of the automatic stay, Plaintiffs are entitled to actual damages, including costs and attorneys' fees, as well as punitive damages pursuant to 11 U.S.C. §362 (k) and 11 U.S.C. § 105 (a).

## SECOND CLAIM FOR RELIEF

## VIOLATION OF THE AUTOMATIC STAY

30. The allegations in paragraphs 1 through 29 of this Complaint are realleged and incorporated herein by this reference.

31. The actions of the Defendants, set forth hereinabove, constitute willful and egregious violations of the automatic stay pursuant to 11 U.S.C. § 362(a)(3), which prohibits "any actor to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate."

32. The actions of the Defendants, set forth hereinabove, constitute willful and egregious violations of the automatic stay pursuant to 11 U.S.C. § 362(a)(1), which prohibits "the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title."

33. As a result of the Defendant's violations of the automatic stay, the Defendant is liable to the Plaintiff for actual damages, legal fees, costs, and treble or punitive damages.

## PRAYERS FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that the Court grant the following relief against Defendants as to Counts I through II of this Complaint, and that the Court enter judgment against Defendants as follows:

A. Defendants' request for "HOLDOVER" escrow fund and its orders are deemed vacated and requiring the Clerk of the Fifth Circuit Court of the State of Hawaii to turnover the "HOLDOVER" proceeds thereof to the Plaintiffs in the amount of $525,000.00;

B. A determination that Defendants violated the automatic stay under section 362 of the Bankruptcy Code by withholding the Plaintiffs' "HOLDOVER" fund on the Prepetition Claim;

C. A determination that Defendants violated the automatic stay under section 362 of the Bankruptcy Code by continuing with state court proceedings against the Debtors.

D.  Granting Plaintiff such other and further relief such as actual damages that include but not limited to legal interest since February 12, 2017, costs, attorneys' fees as incurred and punitive damages and other remedies as the Court deems just and proper.

DATED: April 26, 2017                                        Respectfully Submitted;

_____
Paul Nguyen
Plaintiff in Pro Per.

-and-

_____
Kim Nguyen
Plaintiff in Pro Per.

I verify that the foregoing Adversary Complaint has been reviewed by me; and that the allegations therein are true and correct to the best of my knowledge, information, and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed in Orange, California on April 26, 2017.

_____
Paul Nguyen
Plaintiff in Pro Per.

-and-

_____
Kim Nguyen
Plaintiff in Pro Per.

# EXHIBIT 1

**TITLE GUARANTY ESCROW SERVICES, INC.**
HAWAII KAI OFFICE, 6600 KALANIANAOLE HIGHWAY, SUITE 108A, HONOLULU, HI 96825
Tel: (808)394-5252  Fax: (808)394-5250  Email: HAWAIIKAI@TGHAWAII.COM

Attached below is a check for Disbursement.

Should there be any questions, please contact the Escrow Officer below.

Your Ref No.:  

Check No.: 421319456
Check Date: 03/04/2016

Escrow No.: 21315067446
Escrow Officer: Alan Chun
Phone No.: (808) 394-5240
Buyer/Borrower: KAUAI GARDENS LLC
Seller: KIM T NGUYEN

TMK: 4490090120023
Property: 6020 KOOLAU ROAD
APT 50
50
MOLOAA HUI I

Check Amount: $525,000.00
Check Payee: CLERK OF THE FIFTH CIRCUIT COURT
3970 KAANA ST,
LIHUE, HI 96766

asc : asc



**EXHIBIT A**

# EXHIBIT 2

THE JUDICIARY
CIRCUIT COURT OF THE FIFTH CIRCUIT
FISCAL
RECEIPT        NO: CR   072180

CASE NO: FI-CC-0014-1-000263-0000                            03/04/2016   09:02 A.M
RECEIVED FROM:
. TITLE GUARANTY ESCROW SERVICES, INC.

THE SUM OF:        525,000.00

CREDIT TO:
   DYLAN STRONG, SHEALA STRONG,           KIM TA & PAUL NGUYEN

DESCRIPTION:    CASE DEPOSIT

[ ] CASH                  [X] CHECK 421319456                        [ ] TRANSFER
    T/R CASE DEPOSITS                                                    525,000.00


                                        TOTAL            525,000.00
                             ---------_9Q_---------------
                                      CLERK - 16


GENERAL LEDGER INFO

CASE NO: FI-CC-0014-1-000263-0000                            03/04/2016   09:02 A.M

DEBIT                                                                        AMOUNT
1320 FIRST HAWN BK CHK                                                   525,000.00


CREDIT                                                                       AMOUNT
9811 T/R CASE DEPOSITS                                                   525,000.00