

**FILED & ENTERED**

**DEC 12 2022**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY mccall    DEPUTY CLERK**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION**

| | |
|---|---|
| In re:<br><br>Paul Nguyen<br>Kim Nguyen<br><br><br><br>Debtor(s). | Case No.: 8:17-bk-10520-SC<br><br>CHAPTER 7<br><br>**ORDER DENYING MOTION TO REOPEN** |

The Court has considered Vinh Nguyen's ("Movant") Motion to Reopen Debtor Paul Nguyen's Chapter 7 Case filed December 7, 2022, [Dk. 80] and all related pleadings (together, the "Motion"), and the docket as a whole, and finds good cause to DENY the Motion.

In summary, Movant, self-identified as an interested party, seeks to reopen Debtors' bankruptcy case, for the purpose of administering undisclosed assets, namely, a trust deed held by Debtors on Movant's property and upon which Debtors are seeking to foreclose. Movant seeks to avoid the foreclosure by removing Debtors from the process and substituting a Chapter 7 Trustee in their stead.

The case was filed on February 13, 2017, as a Chapter 13, conditionally converted to a Chapter 7 on June 12, 2017, and then dismissed on June 19, 2017, with a 180-day bar to refiling, for the failure to comply with the conditions of conversion [Dk.

60]. Part of the basis for the conditional conversion and then dismissal was Debtors' alleged failure to disclose assets.

Movant seeks to reopen the case pursuant to 11 U.S.C. §350. Under 11 U.S.C. § 350(a), a case is closed "[a]fter an estate is fully administered and the court had discharged the trustee[.]" 11 U.S.C. § 350(a). Under 11 U.S.C. § 350(b), "[a] case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b). "The Ninth Circuit has held that a 'dismissed' case cannot be reopened under § 350(b) because it was not 'closed' under § 350(a) following the administration of the estate." *Goldenberg v. Deutsche Bank Nat'l Tr. Co. (In re Papazov)*, 2013 Bankr. LEXIS 4665, at *30-31 (B.A.P. 9th Cir. May 30, 2013) (citing *Armel Laminates, Inc. v. Lomas & Nettleton Co. (In re Income Prop. Builders, Inc.)*, 699 F.2d 963, 965 (9th Cir. 1982)). The Ninth Circuit specifically observed the differences between a dismissed case and a closed case for purposes of reopening:

> 11 U.S.C. § 349, treating the effects of a bankruptcy, obviously contemplates that on dismissal a bankrupt is reinvested with the estate, subject to all encumbrances which existed prior to bankruptcy. After an order of dismissal, the debtor's debts and property are subject to the general laws, unaffected by bankruptcy concepts. After dismissal a debtor may file another petition for bankruptcy unless the initial petition was dismissed with prejudice.
>
> On the other hand, a bankruptcy is normally closed after the bankruptcy proceedings are completed. At that time the debts of the bankrupt are usually discharged and the proceeds of debtor's nonexempt assets divided among creditors. A bankruptcy is reopened under 11 U.S.C. 350(b), not to restore the prebankruptcy status, but to continue the bankruptcy proceeding. The word 'reopened' used in Section 350(b) obviously relates to the word 'closed' used in the same section. In our opinion a case cannot be reopened unless it has been closed. An order dismissing a bankruptcy case accomplishes a completely different result than an order closing it would and is not an order closing.

*Id.*

Here, as was the case in *Goldenberg*, Debtors' case was not "closed under § 350(a) following the administration of the estate." *Id.* No plan was confirmed, or assets administered. Rather, Debtors' case was dismissed. Thereafter, the bankruptcy case

was closed; however, it was closed as matter of administrative convenience in light of the dismissal, and not for the reasons contemplated by § 350(a).

Thus, this case may not be reopened under Section 350(b). A bankruptcy case can only be reopened if it was first closed, rather than dismissed. See *Bowman v. Casamata (In re Bowman)*, 526 B.R. 802, 804 (8th Cir. BAP 2015). And a case dismissal can only be undone through an appeal or a motion under Rules 9023 or 9024. *Id.* at 806. But the time in which appellant could appeal or file a Rule 9023 motion lapsed years ago, and appellant fatally failed to assert grounds under, and indeed did not even cite to, Federal Rule of Bankruptcy Procedure Rule 9024 or Federal Rule of Civil Procedure Rule 60(b) in the Motion. The grounds asserted pertained to undisclosed assets; however, while not specific to the asset identified in the Motion, the failure to disclose other asserted assets is ultimately why the case was conditionally converted and then dismissed.

Accordingly, Movant has not presented cause sufficient to warrant the Court's consideration of the Motion as one under Rule 60(b). Moreover, Movant is not the debtor, nor a creditor. The decision to deny a motion to reopen a bankruptcy case is reviewed for abuse of discretion. *Beezley v. Cal. Land Title Co. (In re Beezley)*, 994 F.2d 1433, 1437 (9th Cir. 1993); see *also Cortez v. Am. Wheel, Inc. (In re Cortez),* 191 B.R. 174, 177 (9th Cir. BAP 1995).

For the foregoing reasons, the Motion is DENIED.

Date: December 12, 2022

Scott C. Clarkson
United States Bankruptcy Judge